# In Re Anonymous No. 4 D.B. 82

Disciplinary Board Docket no. 4 D.B. 82.

## REPORT OF HEARING COMMITTEE

[ ] members of Hearing Committee [ ] respectfully report as follows:

## I. STATEMENT OF CASE

Respondent, [ ], is an attorney, admitted to practice law in the Commonwealth of Pennsylvania in 1965. Since then he has practiced law in [ ] County, being in private practice, and also serving as an Assistant District Attorney, and presently is the District Attorney of [ ] County.

On January 22, 1982, petitioner, Office of Disciplinary Counsel, filed a petition for discipline against respondent, based on a complaint filed by a client, [A], Executrix of the Estate of [B], deceased. The petition charged respondent with violation of the following Disciplinary Rules:

1. D.R. 6-101(A)(3)—dealing with neglect of a legal matter entrusted to a lawyer;

2. D.R. 2-110(A)(3)—requiring a lawyer, upon discharge by his client, to promptly refund any part of a fee paid in advance that has not been earned.

3. D.R. 9-102(B)(4)—dealing with the failure to

deliver to the client properties in the possession of the lawyer which the client is entitled to receive.

Respondent filed his answer on or about February 22, 1982, wherein he substantially admitted the factual allegations against him. By letter dated March 8, 1982, petitioner wrote to respondent, requesting that he provide a more specific response to the single Subparagraph (No. 7(b) ) of the petition for discipline which had not been admitted. Respondent thereupon filed a further answer on or about March 23, 1982, to supplement his previous response.

The hearing on the petition was held on April 7, 1982. Respondent was present, but not represented by counsel. Petitioner offered into evidence several exhibits, including the petition, the answer, the March 8, 1982, letter of petitioner to respondent, and respondent's further answer, to prove the charge of professional misconduct. These exhibits were admitted into evidence without objection. Petitioner also called respondent as a witness in order to better clarify the circumstances dealt with in respondent's further answer and for the purpose of laying a foundation for the introduction of certain of the above mentioned exhibits.

Respondent called the complainant as his only witness for the purpose of supporting the assertions which were included in his further answer. Respondent presented no other evidence, but presented a narrative statement after resting his case.

After recessing to make a determination as to whether a violation had been shown, the hearing committee determined that respondent had violated Disciplinary Rule 6-101(A)(3), but not Disciplinary Rules 2-110(A)(3) and 9-102(B)(4). Thereupon, petitioner was permitted to present evidence pertinent to the type of discipline to be imposed. In

that regard, petitioner introduced additional exhibits showing that respondent had previously been the subject of an informal admonition and a private reprimand. Said additional exhibits were admitted without objection. Respondent testified in an attempt to mitigate the facts underlying the prior discipline, and petitioner cross-examined him.

After receiving evidence on the type of discipline to be imposed, the hearing committee again briefly recessed. Upon reconvening the hearing, the hearing committee recommended that respondent receive a private reprimand pursuant to the abbreviated procedures outlined in Section 89.181 of the Disciplinary Board Rules. Both parties accepted the decision of the hearing committee.

The hearing committee filed its summary determination with the board on April 13, 1982. When the board met in executive session on May 13, 1982, and adjudicated the above captioned proceeding, the unanimous decision was to remand the record to the hearing committee pursuant to Section 89.181(C)(8)(ii) of the Disciplinary Board Rules, since the type of discipline stipulated by the parties was not accepted by the board. By letter of May 18, 1982, the hearing committee was advised of the remand by the board and instructed to fix a briefing schedule and to proceed in accordance with Paragraph 6 of Section 89.181(C).

On May 21, 1982, the hearing committee notified petitioner and respondent of the briefing schedule. Petitioner filed its brief on June 28, 1982. Respondent did not file a brief with the committee.

## FINDINGS OF FACT

1. [B] died testate on March 19, 1975, while a resident of [    ] County:

(a) Her Will appointed her daughter, [A], as Executrix, and Letters Testamentary were granted to her on March 27, 1975, by which time Respondent had been retained to represent the estate;

(b) The Will left the residue of the estate to the decedent's four chidren;

(c) The estate contained a single asset, a dwelling located in [    ].

2. The real estate was sold to one of the children and her husband for a considertion of $9,500, on or about June 17, 1975, and the proceeds were transferred into an estate checking account, under the control of the executrix.

(a) At his request, on June 20, 1975, the Respondent received a check for $250.00 from the Executrix, as a retainer, annotated "Attorney's Fee," which he negotiated in due course;

(b) The balance of the net proceeds of the sale were then distributed to the heirs, except for $578.35, a check for which was written, payable to the Commonwealth of Pennsylvania, annotated "Pennsylvania Inheritance Tax," and then given to Respondent, to accompany an Inheritance Tax Return which he was to complete and cause to be filed.

3. As of July, 1981, when the executrix lodged a complaint with the Office of Disciplinary Counsel, respondent had never produced the inheritance tax return or paid the tax due. Respondent failed to do so despite:

(a) Repeated contacts from his client and her husband;

(b) Repeated written demands for the same from the Department of Revenue;

(c) A letter to him from Judge [C], dated January 24, 1977, indicating that the matter was to be taken care of not later than February 10, 1977;

(d) Citations issued by Judge [D] against the Executrix, dated June 15, 1976, and October 27, 1977, to show cause why an Inheritance Tax Return should not be filed;

(e) The receipt of another check for the tax from the Executrix, in October, 1977, because the original check was stale, at which time Respondent assured the husband of the Executrix that Respondent would pay any penalities that may have accrued;

(f) An order of Judge [D], dated December 30, 1977, directing the Executrix to file the Inheritance Tax Return within 30 days or show cause why she should not be held in contempt for failure to do so (which order was not thereafter enforced for some uncertain reason);

(g) The receipt by him of a third check for the tax from the Executrix in early 1979, after the Executrix had registered a complaint with the [ ] County Bar Association, met with respondent, and been advised that the last previous check for the tax (dated October, 1977) had become stale.

4. On August 28, 1981, a Form DB-7 letter of allegations was sent to respondent, noting that, as of August 18, 1981, there had been no inheritance tax return filed. Respondent made no response to that letter, or to a follow-up letter, dated September 21, 1981.

5. On October 2, 1981, [A] sent a certified letter to respondent, discharging him and demanding the return of the $250 retainer and all papers regarding her mother's estate within ten days.

(a) Having been informed by Complainant that Respondent had not responded to the discharge letter, disciplinary counsel contacted Respondent by telephone, and he admitted the timely receipt of the letter, and said he had been "trying to get the

$250.00 together" and finish preparation of the tax return.

6. In addition, respondent was notified by letter dated November 23, 1981, from District Justice [E] of [ ] County that Mr. and Mrs. [A] had contacted him that same day to file a civil action against respondent, and that respondent could cause such civil action to be discontinued by reimbursing the [A's] in the amount of $455 (representing a refund of the $250 fee and payment of the $205 interest/ penalty for delinquent inheritance tax). See Exhibit 5.

7. Respondent contacted the district justice shortly thereafter to advise that he would "take care of" the matter after the November, 1981, trial term, which message was conveyed to complainant by the district justice.

8. The first contact between complainant and respondent after October 2, 1981, was a fortuitous meeting at a local bank on December 11, 1981, at which time respondent apoligized and advised complainant that "there was a letter in the mail" to her.

9. Complainant received an undated letter from respondent (designated petitioner's exhibit 7) on December 12, 1981, wherein respondent sought to arrange an appointment so that the necessary papers to complete the estate could be executed.

10. Complainant thereupon expressly consented to respondent's continuation as counsel for the estate and ultimately met with respondent at his office on December 31, 1981, to execute the necessary documents.

11. The inheritance tax return and final account were finally filed, and payment of inheritance tax plus the interest/penalty made by respondent on February 8, 1982.

12. The interest/penalty in the amount of $212.78 which had accrued because of the delinquency in payment of inheritance tax was paid by respondent with personal funds.

13. Respondent has been the subject of previous discipline by the board on November 28, 1977, when he received an informal admonition for violation of Disciplinary Rules 1-102(A)(4) and 6-101(A)(3), Exhibit 9 and 9-A, and on December 9, 1978, when he received a private reprimand for a violation of Disciplinary Rule 6-101(A)(3), Exhibit 10, 10-A, 10-B.

14. Respondent had complainant sign the required tax forms in February, 1979, and she gave him a second check for the tax, the first one being stale.

15. Respondent was an assistant district attorney for [   ] County since 1967, and was in private practice prior to 1977. From 1977 he has been a full time assistant district attorney, and he was appointed district attorney of [   ] County on March 1, 1982.

16. Respondent has been sued one time for money owed by [F] who was the complainant when respondent was previously reprimanded in 1978. This case has never been concluded.

17. Respondent lives at [   ]. He is 46 years of age, is married, and has a son from his second marriage, age 6. Both his wife and son reside with him and are dependent on him.

18. Respondent graduated from [   ] in 1957, receiving a BA degree, and from the University of [   ] Law School.

19. Respondent in the last ten years has not been convicted, prosecuted or arrested for any criminal offense.

## DISCUSSION

In light of the comprehensive admissions in the answer to the petition for discipline, as supplemented by the testimony of complainant and respondent at the hearing, the evidence clearly establishes that respondent neglected a legal matter entrusted to him. On or before March 27, 1975, respondent had been retained as counsel by the executrix of a decedent's estate. The estate's only asset was a parcel of real estate which was sold on or about June 17, 1975. Provision was made for payment of Pennsylvania Inheritance Taxes on or about June 20, 1975, when the executrix gave respondent a check payable to the Commonwealth, which was to accompany an inheritance tax return to be completed and filed by respondent. Additionally, at or about the same time, respondent received payment of his attorney fees, and the balance of the net proceeds of the sale was distributed to the heirs. However, the tax was not paid until February 8, 1982, over six and one-half years later, notwithstanding repeated contacts from the executrix and her husband, repeated written demands from the Department of Revenue, the issuance of two court citations in June, 1976, and October, 1977, respectively, a written request by the court in January, 1977, an order of court in December, 1977, directing that the inheritance tax return be filed, the recent interaction of a district justice with respondent, and the re-issuance of checks by the executrix to pay the tax on three additional occasions because respondent had allowed all but the final check to become stale.

## CONCLUSIONS OF LAW

1. Respondent's conduct in neglecting his duties

as counsel for an estate constitutes a violation of
D.R. 6-101(A)(3).

2. Respondent's conduct does not constitute a
violation of D.R. 2-110(A)(3) and 9-102(B)(4), in
that complainant consented to respondent's further
representation of the estate shortly after she had
notified him by letter that he was discharged.

## RECOMMENDATION OF HEARING COMMITTEE

The hearing committee, after the hearing, consi-
dered all of the evidence, including respondent's
previous informal admonition for failing to ex-
peditiously handle his client's divorce matter and
for requesting a continuance in a divorce hearing
on a false ground; and his private reprimand in
1978 was based on his neglect of a legal matter
when respondent failed to promptly make proper
allocations of funds paid to him by his client to
satisfy his client's support obligations.

The hearing committee felt that a private repri-
mand was proper under all of the circumstances of
this case, and this private reprimand was con-
sented to by respondent and by petitioner under the
abbreviated procedure. The committee has again
reviewed this matter, and it is the committee's rec-
ommendation that respondent receive a private
reprimand and not public censure.

The committee feels that if respondent is again
found to be in violation of any Disciplinary Rules,
then more severe sanctions will be called for. The
mitigating factors which lead to this recommenda-
tion are respondent having previously accepted the
recommended private discipline in the previous
cases without contest; admission of his neglect
with no good explanation in the instant matter; and
his recognition of his dilatory procedures; and his

payment of the interest on the inheritance tax from his own funds. Respondent is not in private practice, being a full time District Attorney of Butler County.

## ORDER

JOHNSON, *Chairman*, And now, November 17, 1982, the report and recommendation of hearing committee [ ] dated September 9, 1982 is accepted; and it is ordered and decreed, that the said [Respondent] of [ ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board.